## MORPHIS *v.* STATE.

### Opinion delivered June 22, 1914.

1. SEDUCTION—MARRIAGE OF PARTIES—SUSPENSION OF PROSECUTION.— Kirby's Digest, § 2044, providing for the suspension of a prosecution for seduction after marriage between defendant and the female alleged to have been seduced, does not apply after a judgment of conviction has been entered in the circuit court. (Page 439.)

2. APPEAL—STAY OF PROCEEDINGS UNDER JUDGMENT.—An appeal does not vacate a judgment, but only serves to stay proceedings thereunder. (Page 439.)

Appeal from Pope Circuit Court; *Hugh Basham,* Judge; motion denied.

*W. P. Strait,* for appellant.

*Wm. L. Moose,* Attorney General, for appellee.

PER CURIAM. Appellant was convicted of the crime of seduction, and his appeal from that judgment is pending in this court, the case not being yet ready for submission.

He now presents a motion for suspension of further proceedings under a statute which provides that "if any man, against whom a prosecution has begun, either before a justice of the peace, or by an indictment by a grand jury, for the crime of seduction, shall marry the female alleged to have been seduced, such prosecution shall not then be terminated, but shall be suspended; provided,

that if at any time thereafter the accused shall wilfully and without such cause, as now constitutes a legal cause for divorce, desert and abandon such female, then at such time said prosecution shall be continued,'' etc.  Kirby's Digest, § 2044.

He exhibits with his motion satisfactory evidence of his intermarriage with the injured female since the judgment of conviction was rendered.

The question presented is whether or not the statute applies to cases pending in this court on appeal.

We are of the opinion that the statute does not apply. The prosecution ends when the judgment of conviction is entered, and the purpose of the statute is to provide for a suspension of the proceedings at any time before the rendition of the judgment.  There is no authority for suspending proceedings under the judgment.  The appeal does not vacate the judgment, but only serves to stay proceedings thereunder, and it, therefore, does not continue the prosecution within the meaning of the statute.  *Miller* v. *Nuckolls,* 76 Ark. 485.

The statute contemplates that, when the accused shall wilfully and without cause desert and abandon his wife, the court shall be required to ascertain that fact before reviving the case, and there is no indication, from the language employed in the statute, that the lawmakers intended to confer any such authority upon this court. This affords the best of reasons for holding that the statute was not intended to apply after judgment of conviction.  *St. Louis, I. M. & S. Ry. Co.* v. *Hambright,* 87 Ark. 242.  The motion is, therefore, overruled.