Mr. A. Glenn Vasser City Attorney 122 East Second Street P.O. box 599 Prescott, AR 71857
Dear Mr. Vasser:
This is in response to your request for approval of an interlocal agreement entered into by Nevada County and the City of Prescott. Your request was submitted under A.C.A. 25-20-104 of the "Interlocal Cooperation Act." Since the passage of that act, the legislature has made a more specific pronouncement with respect to interlocal agreements involving counties. See, A.C.A. 14-14-910. Reference to both provisions will be made herein, with more emphasis placed on the more specific latter act, in determining whether the form and substance of the interlocal agreement is compatible with law.
Although the action contemplated by the interlocal agreement might be considered a valid exercise of the power of a city, it is my conclusion that it does not come within the definition of an "interlocal agreement".
The subject of the "interlocal agreement" is the Nevada County Hospital. What the agreement proposes is the adoption of a one cent city sales tax, the proceeds of which will be placed in a fund to help alleviate the financial distress of the county-owned hospital. Under the agreement, the hospital will continue to be county-owned and will be run by the existing hospital board. The city will have no part in the operation or management of the hospital. Essentially, the agreement preserves the status quo, and merely provides for the expenditure of city sales tax funds to support the county hospital. There really is no "agreement" on the part of the county to do anything but accept the money. This fact is not consonant with Act 742 of 1977, 90(2) [A.C.A.14-14-910(b)(1)], which defines a "county interlocal agreement' as "any service contract entered into by the County Court which establishes a permanent or perpetual relationship thereby obligating the financial resources of a county." It is clear from the agreement that no county funds are obligated thereunder, (save those expended as expenses of the election under section 2 of the agreement). Additionally the agreement does not represent a "service contract." The hospital is already being provided as a service of the county, and the agreement does not change or create new contractual obligations concerning this service.
Furthermore, A.C.A. 25-20-104 requires that the subject of the agreement be capable of exercise by each political subdivision alone. As you are aware, Nevada County is precluded from adopting a one cent sales tax in addition to the one it already imposes. Therefore, the agreement does not comply with 25-20-106, nor with14-14-910. Additionally, section 14-262-106, which you cite as authority for the city action, only grants cities the authority to expend city general funds to aid in operation of city hospitals, not county-owned facilities. See, A.C.A. 14-264-101(a).
In any event, the real obstacle in this "interlocal agreement" is that no joint action is contemplated. The city will "act" to levy and collect the tax, if passed, and will appropriate the funds for the use of the county hospital. The county hospital will continue to operate as it always has. This proposal is not in the nature of an interlocal agreement.
This is not to say, however, that the proposal itself is contrary to law. Under Arkansas law, city sales tax funds may be expended for any purpose for which the city general fund could be expended. A.C.A. 26-75-217. Generally, these funds may be expended for any proper city purpose. It is entirely conceivable that a court would conclude that the expenditure of sales and use tax revenue by a city to aid a county-owned hospital would be for a proper city purpose. In this regard, I have attached a copy of Opinion of the Attorney General No. 19 (Washington 1988). You should note, however, that in the case of Russell v. State, 52 Ark. 541,13 S.W. 130 (1889), the court held that a city could not appropriate city funds toward erection of a county courthouse for the reason that "such a building is not devoted to any purpose of municipal government. . ." Cummock [Cumnock] v. City of Little Rock, 154 Ark. 471,475, 243 S.W. 57 (1922).
Russell may be distinguished, however, by the fact that city residents stand to benefit by the continuation of a county hospital, at least to the extent that a similar service is not already provided to them. The fact that county residents receive the same benefit without having to pay the sale tax may be a factor in a court's decision, but should not be controlling by virtue of the fact that Arkansas Constitution, Art. 16, 5's "equality and uniformity" requirement applies only to property taxes. Morley v. E.E. Barber Const. Co., 220 Ark. 485,248 S.W.2d 689 (1952).
Because the document submitted is not an interlocal agreement, it is not within my statutory authority to approve or disapprove.
The foregoing review of this document termed an "interlocal agreement", which I hereby adopt, was prepared by Assistant Attorney General Elana L. Cunningham.