The Honorable George Hopkins State Senator 78 Harver Hills Malvern, AR 72104
Dear Senator Hopkins:
This is in response to your request for an opinion regarding whether the City of Sheridan may donate money to Grant County for the support of the Grant County Museum.[1] You note specifically that the funds were originally received from a grant that the city received from the Arkansas Industrial Development Commission to loan to Robertson, Inc., and that the loan has since been repaid. You pose the following question:
 Whether the City of Sheridan would be violating any statutes of Arkansas or the Arkansas Constitution by giving approximately $150,000 to Grant County for the county to use for the Grant County Museum?
The question of whether the city expenditure on behalf of the county museum is lawful represents a question of fact which this office is not equipped nor empowered to answer. The mere grant of funds by the city to the county for the museum, however, without more, in my opinion would be subject to challenge as not being for a "proper city purpose." See Russell v. State,52 Ark. 541, 13 S.W. 130 (1889). See also Cumnock v. City of LittleRock, 154 Ark. 471, 243 S.W. 57 (1922). The extent to which the city contracts for benefits received for its residents with regard to this proposed action, however, and the extent to which such benefits are actually received, will influence the determination and the lawfulness of any such action. If there is a contract with regard to this proposal which is supported by adequate consideration, a court could find it lawful depending upon all of the surrounding facts. The city's attorney should bear this in mind when advising the city on this matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure
[1]The correspondence attached to your request indicates that the city and county intend to enter into an interlocal agreement limiting the use of the funds to the museum. It has previously been opined by this office that a similar proposal regarding the donation of city sales tax monies to support a county hospital was not in the nature of an interlocal agreement subject to approval by this office because there was no agreement on the part of the county to do anything but accept the funds. See Op. Att'y Gen. 88-274, a copy of which is enclosed.