The Honorable Mike Everett State Senator 412 Broadway Marked Tree, AR 71365
Dear Senator Everett:
This is in response to your request for an opinion on the following question:
 Can the City of Harrisburg convey real property to a non-profit corporation for the purpose of operating a day-care center?
The answer to this question will depend upon the particular facts surrounding the conveyance. If it is assumed that by "convey" you mean donate, it is my opinion that the answer is "no." It is generally stated, as a fundamental principle of municipal law, that ". . . a power of use and disposal of municipal property does not include the power of donation or gratuitous disposition, and [a municipality] has no power to donate lands or personal property to private uses. . . ." 63 C.J.S. MunicipalCorporations § 965 (1950). See also 10 McQuillin, MunicipalCorporations § 28.43 at 106 (". . . a municipality cannot give away its property or expend money for purposes other than corporate ones, and it follows that a municipality has no power in any manner to dispose of property of the corporation without consideration, where not for a corporate purpose." This principle is founded upon the city officers' position as trustees in the management and application of the funds and property of the municipality. See, e.g., Russell v. Tate, 52 Ark. 541
(1889). The city must use the property it holds for purposes sanctioned by law. See Gritton v. City of Des Moines,73 N.W.2d 813, 247 Iowa 326 (1955) (citing Russell v. Tate,supra, 73 N.W.2d at 817).
A review of the statutory authority in Arkansas to dispose of municipal property does not compel divergence from the above precepts. Arkansas Code of 1987 Annotated § 14-53-302(a) states:
 Municipal corporations are empowered and authorized to buy, sell, convey, lease, rent, or let any real estate or personal property owned or controlled by the municipal corporations. This power and authorization shall extend and apply to all such real estate and personal property, including that which is held by the municipal corporation for public or governmental uses and purposes.
The above provision may not, in my opinion, reasonably be construed to authorize the donation of municipal property for a private purpose, particularly in light of subsection (b) of this section, which expressly authorizes municipal corporations to donate property to the federal government under the stated conditions. See A.C.A. § 14-54-302(b) (1987).
It should be noted that I have considered the possibility that this particular donation would be deemed to be for a public purpose, and thus unrestricted by the foregoing precepts. While there appear to be no Arkansas cases addressing this precise question,[1] a review of case law from other jurisdictions indicates that this argument would fail, in the absence of a grant of statutory authority from the General Assembly. The Iowa Supreme Court, in the case of Gritton v. City of Des Moines,supra, stated as follows in its refusal to uphold the city's donation of property to a charitable foundation:
 It may be the city and its inhabitants would benefit from the erection of the proposed building and the appearance of the river front would be enhanced. But these facts afford no justification for enlarging by construction the powers conferred upon a municipality. . . . Nor is it sufficient justification for this transfer that the objects of Hawley Foundation are public and charitable and the property is to be used `for public welfare or public community services.' The fact remains it is an unauthorized, virtually gratuitous diversion of municipal property to a private corporation to be used for nonmunicipal purposes.
73 N.W.2d at 816-817.
The court quoted the following language from a Rhode Island case, wherein the court set aside as void a conveyance of land to an historical society:
 `As a final contention respondents argue that the transfer of this property . . . was a transfer by the city to a nonprofit, charitable, public corporation for the service of the public and was, therefore, in reality no more than a change of public use. We cannot agree that the society is in any sense a public corporation, even though it does perform certain services of interest and benefit to the public. [Citation omitted.] However laudable the objects of the society may be . . . they are nevertheless not in any way required of the city as the agent of the sovereignty of the state. In using the public property to carry out such objects, it can hardly be said that the society is engaged in the exercise of a public function in the sense that the society is thereby devoted to a public use. But even if it could reasonably be said that it was so engaged, we would still be bound to say that such change by the city of the public use of its property without the specific authorization of the legislature would be void.'
Id. at 817-818 (citing Buckhout v. City of Newport,27 A.2d 317, 68 R.I. 280.
It is my opinion that the Arkansas Supreme Court would similarly conclude that a donation of property to a nonprofit corporation, even if it is thought to promote the public welfare, does not fall within the city's authority over its "municipal affairs," which are defined as "all matters and affairs of government
germane to, affecting, or concerning the municipality or its government. . . ." A.C.A. § 14-43-601 (1987) (emphasis added).See also generally Sears v. Ogden City, 533 P.2d 118
(1975), wherein the Utah Supreme Court held that a statute authorizing a city to dispose of its property did not give it the right to make a gift of property to a board of education.
In conclusion, therefore, it is my opinion that the conveyance would have to be supported by consideration. A donation of the property could, under current law, be successfully challenged.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Implicit, however, in several cases involving an alleged insufficiency of consideration or unlawful diversion of public funds is the premise that a donation of property to a Chamber of Commerce or the federal government, respectively, would be unlawful. See Chamber of Commerce v. Pulaski County,113 Ark. 438, 170 S.W. 1165 (1914) and City of Blytheville v. Parks,221 Ark. 734, 255 S.W.2d 962 (1953).