The Honorable Robert Dittrich Prosecuting Attorney Eleventh Judicial Circuit-East 305 South College P.O. Box 6 Stuttgart, AR 72160-0006
Dear Mr. Dittrich:
This is in response to your request for an opinion regarding the possible disposition of certain real property owned by Arkansas County. You state that the property in question formerly housed the Arkansas County Health Department, and that the County is considering leasing the property to the City of DeWitt and the Area Agency on Aging of Southeast Arkansas, Inc., for construction of a senior citizens center under a grant. The funding agency will not approve the grant, however, unless title to the property is transferred to the City of DeWitt or Arkansas County retains title and becomes the sponsoring agency for the grant. You state that the latter alternative is not viable, and you have asked the following questions:
1. Do the provisions of A.C.A. 14-16-105 pertaining to appraisals and sale for not less than 3/4 of appraised value apply to all sales of real estate by a county, irrespective of the nature of the grantee?
2. Does A.C.A. 14-16-107 permit sale of the surplus real property in question to the City of DeWitt and/or the Area Agency on Aging for a nominal or token price?
3. Assuming there is no bonded indebtedness owed upon the property in question, can A.C.A. 14-16-108
be relied upon as authority for sale of the former site of a county health unit for future use as a senior citizens center, if a provision is included in the document providing that the property would revert to Arkansas County if its use as senior citizens center was ever changed or terminated?
4. Is there any provision contained in the Arkansas Code, appellate court decisions, administrative regulations or other item which would allow Arkansas County to transfer this property for these intended purposes to the City of DeWitt for a token or nominal amount?
It is my opinion that the answer to your first question is "no." The nature of the purchaser is a factor to be considered in light of A.C.A. 14-16-107 (1987), discussed below. It is my opinion that 14-16-105 does not apply to sales governed by 14-16-107.
In response to your second question regarding A.C.A.14-16-107, it must first be noted that this Code section will only apply if the property is "dedicated for the benefit of" a "quasi-public, nonprofit, nonsectarian organization. . . ." This provision states in full:
Whenever a portion of county lands are dedicated for the benefit of any lawfully incorporated, quasi-public, nonprofit, nonsectarian organizations including, but not limited to, medical clinics, that county real property may be sold to any buyer, upon the approval of the county judge and a two-thirds (2/3) vote of the quorum court of the county, without the necessity of soliciting for county bids.
A determination must first be made, therefore, regarding the dedication question. Please note that I have enclosed a copy of Attorney General Opinion 92-022, which addresses the meaning of the term "dedicated" in this provision. It was concluded that the term is used in its common and ordinary sense as meaning "to set apart to a definite use." Id. at 3, citing Websters. Whether the property in this particular instance has been so dedicated raises a fact question which cannot be resolved in an opinion. If such a dedication has not occurred, it seems clear that14-16-107 will not apply. While it is unclear, as a legal matter, whether the property could now be dedicated to the Area Agency on Aging, and then be sold under 14-16-107 without competitive bidding, such an interpretation is, in my opinion, plausible. Research has not disclosed any helpful case law on that question.
Assuming that 14-16-107 would, in fact, apply in this instance, the consideration for the sale raises a remaining concern. Whether a sale for a "nominal or token price" would withstand constitutional scrutiny will depend upon the particular facts and circumstances surrounding the transaction. As noted in Opinion 92-022, sales of public property for as little as one dollar have been upheld where there was no fraud, and where there was consideration for the sale other than the payment of money, in the form of, for example, "public advantage" or economic benefits to the community. Id. at 3, citing Chamber of Commerce v. Pulaski County, 113 Ark. 438,170 S.W. 1165 (1914) and City of Blytheville v. Parks,221 Ark. 734, 255 S.W.2d 962 (1953). The sufficiency of the consideration will, as noted, depend upon the particular facts in each instance.
Your third question also requires factual determinations that are outside the scope of an Attorney General opinion. Section 14-16-108 permits the sale or lease of any "county-owned hospital," where there is no outstanding bonded indebtedness, to any municipality in the county upon such terms and conditions as the county court deems advisable. A.C.A. 14-16-108(a) (1987). A majority of the county quorum court must approve the sale or lease. Id. at subsection (b)(2).
You state in your letter that the real estate and building in question "formerly housed the Arkansas County Health Department." As noted, 14-16-108 applies to the sale or lease of a "county-owned hospital." I cannot conclude from the facts presented that this Code section applies in this instance. There may, however, be a fact question in this regard.
It must also be noted in responding to your third question concerning 14-16-108 that voter approval is required under A.C.A. 14-16-105(g) (Cum. Supp. 1993) for the sale of "[c]ounty hospitals constructed or maintained in whole or part by taxes approved by the voters. . . ." It is not stated, under the facts presented in your request, whether the property in question was constructed or maintained by taxes. This raises another potential fact question, precluding a conclusive response to your third question.
I believe that the foregoing responses address your final question concerning a transfer of this property to the city for a "token or nominal amount." It is apparent from the above discussion that this involves several factual considerations. While a conclusive answer cannot be provided in an opinion, the foregoing should offer general guidance in addressing the matter.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:EAW/cyh
Enclosure