The Honorable Brent Haltom Prosecuting Attorney Eighth Judicial District 301 West Sixteenth Street P.O. Box 1317 Hope, AR 71801
Dear Mr. Haltom:
This is in response to William Randal Wright's request for an opinion on the following question:
 Can a county quorum court appropriate funds to purchase recreation equipment that will be located in a school building not owned by the county and restricted in use by the school?
The general nature of this question precludes a conclusive response in the limited format of an Attorney General opinion. The particular facts will, I believe, be determinative of the lawfulness of the appropriation. And this office is of course neither equipped nor empowered to act as a factfinder. Generally, however, it is my opinion that if a general county purpose can be shown, then a challenge to the appropriation will likely fail unless it can be established that the benefits to be received by the county are so grossly inadequate as to constitute fraud. The following discussion is offered in order to expand upon what I believe is the controlling legal framework for the factual analysis in addressing this question.
The particular facts will of course be determinative of whether a general county purpose can, as a threshold matter, be shown. If there is no public purpose, then the appropriation will constitute an illegal exaction challengable under Article 16, Section 13 of the Arkansas Constitution. No showing of fraud or bad faith is required under art. 16, § 13. Rather, the inquiry focuses on whether the exaction is either "not authorized by law or . . . contrary to law." Mackey v. McDonald,255 Ark. 978, 985, 504 S.W.2d 726 (1974).
In this regard, it should be noted that legislative declarations of public purposes are generally given great weight. See Turner v. Woodruff,286 Ark. 66, 698 S.W.2d 527 (1985). Not having reviewed the particular appropriation in question, I cannot conclusively determine whether it falls within a legislatively authorized county service or function. Reference should be made, however, to A.C.A. § 14-14-802, wherein it authorizes counties to provide "services or functions" including "[p]ark and recreation services[.]" A.C.A. § 14-14-802(b)(2)(C)(vi) (1987). Seealso generally Dudley v. Little River County, 305 Ark. 102, 107,805 S.W.2d 645 (1991) (requiring action "by ordinance or otherwise" to authorize services under § 14-14-802). It thus seems clear that a general county purpose may be premised upon § 14-14-802, if the county proceeds accordingly in authorizing the contemplated services. See Dudley, supra.
The location of the recreation equipment would not, in my opinion, necessarily be determinative in that instance, assuming that the county owns the equipment.[1]
Once a general county purpose is shown, I believe the appropriation will be upheld unless it can be established that the benefits to be received by the county are so grossly inadequate as to constitute fraud. Seegenerally Gordon v. Woodruff County, 217 Ark. 653, 232 S.W.2d 832 (1950) and Chamber of Commerce v. Pulaski County, 113 Ark. 439, 170 S.W. 1165
(1914). Counties are given broad authority under Ark. Const. amend. 55
over their local affairs. Counties are also specifically authorized to "contract or join with any other . . . political subdivision" for "any public purpose." A.C.A. § 14-14-801(b)(4) (1987). Once a general county purpose is shown, therefore, the county's broad local authority, coupled with the county judge's discretion in assigning the use of county property (A.C.A. § 14-14-1102(b)(3) (1987)), will likely support the appropriation, in the absence of fraud.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] You have not suggested that the county intends to donate the equipment to the school. A donation of the recreation equipment, unsupported by any consideration, would in my opinion be subject to an illegal exaction challenge. See generally Ops. Att'y Gen. 95-309, 93-211 and 92-022.