Town of Dardanelle v. Gillespie.

Opinion delivered January 18, 1915.

1. License—authority—city ordinance.—The mayor of an incorporated town can not issue any license unless some ordinance of the town authorizes him to do so.

2.  POOL HALLS—LICENSE—AUTHORITY OF CITY COUNCIL.—A city council can not prohibit the maintenance of a pool hall without legislative sanction.

3.  POOL HALLS—REGULATION—AUTHORITY OF CITY COUNCIL.—Under Kirby's Digest, § 5438, a city council has not authority to declare a pool hall to be a nuisance, when it is not such in fact, and where it is not used for gaming as covered by the statute.

4.  POOL HALLS—REGULATION—NUISANCES—SHOWING.—In the absence of any showing that a pool hall operated by appellee was operated for the purpose of gaming, or was so conducted as to be a nuisance, a town council has no authority to pass an ordinance prohibiting the maintenance of the same.

Appeal from Yell Circuit Court, Dardanelle District; *Hugh Basham,* Judge; affirmed.

*Town of Dardanelle, pro se.*

If the town had the right to enact and enforce the ordinance, the subsequent granting of a license was no justification or protection. 43 Ark. 361. The necessity for regulating and the power to prohibit public places of amusement where games are played has long been recognized. 5 Ark. 412; 13 *Id.* 752; 16 *Id.* 489; 44 *Id.* 134; 46 *Id.* 497; Acts 1911, p. 62; 109 Ark. 429; Kirby's Digest, § 5438; 70 Ark. 221; 34 *Id.* 372.

*Bullock & Davis,* for appellee.

1.  The only authority to enact the ordinance to suppress the game of pool is found in Kirby's Digest, § 5438. It was a game alone for innocent amusement and not an instrument used for "gaming." The ordinance is oppressive and unreasonable and not authorized by the Legislature. 20 Cyc. 671; 86 Ark. 356; 84 Ala. 13.

2.  As to whether or not a thing is a suppressable nuisance is a question of fact and never of law. 14 N. E. 677; 47 N. J. Law 286; 60 Miss. 451.

3.  There is no proof to show that the pool hall was a loafing place for the idle, vicious or immoral. 70 Ark. 12; 52 *Id.* 23, 25; 12 S. W. 412. In this case defendant had a license from the town and the hall was not used for gaming.

SMITH, J. This cause was tried upon the following agreed statement of facts:

"It is agreed by counsel representing the plaintiff and defendant that the town of Dardanelle, prior to the arrest of the defendant herein, had enacted an ordinance prohibiting any person from keeping a pool hall or operating a pool table in the incorporated town of Dardanelle, and the mayor of the town, without the repeal of the ordinance, had issued a license to the defendant, permitting the defendant to keep a pool hall and operate pool tables therein; that said table or said pool hall was not used as a gambling device, and no gambling was allowed at the playing of the said pool games therein, but the same was carried on alone for the amusement of the customers, each of whom paid — cents for the use of the table to the owner on each game played."

Under this agreed statement of facts the court, sitting as a jury, found the appellee not guilty and ordered him discharged, and the town has prosecuted this appeal from that judgment.

(1)    Appellee can claim no immunity under the license issued to him by the mayor. The mayor could issue no license unless some ordinance of the town authorized him so to do, and from the agreed statement of facts it appears that there was, not only no such ordinance, but that keeping a pool hall or operating a pool table was declared to be an unlawful act in said town.

(2)    We think, without question, the Legislature might declare the keeping of a pool hall to be unlawful, and it might, no doubt, confer upon town councils the authority to prohibit them; but no such action can be taken by the council without legislative sanction. In re *Jones,* 31 L. R. A. (N. S.) 548, 109 Pac. 750. It is urged that this authority is conferred by section 5438 of Kirby's Digest. So much of that section as is applicable here reads as follows:

(3-4)    "They (town councils) shall have power to license, regulate, tax, or suppress (various occupations named) * * * billiard tables or other instruments used for gaming," and in the same sentence there is also named tippling houses, dram shops, gaming, gambling

houses, etc.  But it has been held that the authority to
license dram shops could be exercised only when this
could be done without violating the laws of the State,
and that "license could never be issued to authorize
gambling," because gambling was a violation of the laws
of the State, and those laws are supreme.  The authority
here is not to tax, regulate, or suppress billiard tables,
but to tax, regulate, or suppress "billiard tables or other
instruments used for gaming."  The town council has the
authority to prohibit the keeping of pool or billiard
tables for gaming, but the agreed statement of facts
shows that appellee's pool hall was not kept for that pur-
pose and that no gambling was allowed in playing games
in his place.  Pool halls and billiard parlors are uniformly
held to be proper subjects for police regulation.  They
are places which may become nuisances, but are not such
places as must necessarily be so, and the town council
has no authority to declare that to be a nuisance which is
not a nuisance in fact.  *Arkadelphia* v. *Clark,* 52 Ark.
23.  If a pool hall or billiard parlor was so conducted as
to become a nuisance the town council could order its
suppression.  But, not being nuisances *per se,* town coun-
cils would have no authority to prohibit their mainte-
nance, unless that authority was conferred by express
legislative enactment, or unless their maintenance was
made unlawful by the laws of the State.  In the absence
of any showing that appellee's pool hall was operated
for the purpose of gaming, or was so conducted as to be a
nuisance, the town council would have no authority to
pass the ordinance in question, and the court below,
therefore, properly discharged appellee.  Judgment
affirmed.

KIRBY, J., dissents.