## BRYAN *v*. CITY OF MALVERN.

### Opinion delivered February 28, 1916.

1. MUNICIPAL CORPORATIONS—REGULATION OF BUSINESS—NUISANCES.—If
   a business is a nuisance *per se,* the city council may prevent it, if
   it is one which may become so by being improperly conducted, but
   which would not be so otherwise, then it may be so regulated as
   not to become a nuisance.

2. MUNICIPAL CORPORATIONS—POOL HALLS—REGULATION.—Pool halls may
   be regulated by a city council, so as to prevent their becoming pub-
   lic nuisances.

3. MUNICIPAL CORPORATIONS—POOL HALLS—REGULATION AND SUPPRESSION
   —INVALIDITY OF ORDINANCE—REVENUE MEASURE.—An ordinance
   passed by the council of a city of the second class provided that
   pool and billiard halls should pay an annual license of $600, and
   that the operators thereof should enter into a bond in the sum
   of $1,000, conditioned upon their observing certain regulations;
   *held,* the act was void, as being intended to suppress the business,
   or as a revenue measure.

Appeal from Hot Spring Chancery Court; *Jethro
P. Henderson,* Chancellor; reversed.

*H. B. Means,* for appellant.

1.  In the absence of a showing that a pool hall is
a nuisance a city has no right to declare it one or sup-
press it or prohibit its maintenance, 116 Ark. 390.

2.  The license fee is unreasonable and the ordinance
is void.  52 Ark. 301; 112 *Id.* 28.

3.  It is void also as a means of raising revenue.
83 Ark. 355.  The provisions of the ordinance are dis-
criminatory in requiring the hall closed at 9 P. M.  85
Ark. 513.

*Henry Berger,* for appellees.

1.   Pool and billiard tables are proper subjects of police regulation. 74 Kans. 393; 177 S. W. 1036; 120 Mo. 1; 63 Tex. Cr. 627; 152 S. W. 1068, 1074.

2.   The ordinance is not unreasonable nor the hour of closing discriminatory. 7 Col. App. 528; 94 Pac. 870. While a billard or pool hall is not immoral *per se,* it may become such by certain conditions. 8 Cal. App. 440; 97 Pac. 199; 100 Pac. 1134; 65 Ore. 442.

3.   The license fee is not unreasonable.   Friedman on Muni. Corp. § 123; 64 Ark. 154.

Smith, J.   Appellant was engaged in operating a billiard hall in the city of Malvern, and on the 13th of April, 1915, the council of that city passed an ordinance regulating such places. Said ordinance provided for an annual license fee of $600, and that the operator of such hall should enter into a bond in the sum of a thousand dollars binding himself not to operate the hall after 9 P. M. or to permit any person under the age of 18, or any person under the influence of intoxicating liquors, to enter such hall; and it further provided that the keeper of such hall should require each person who played at the game to register his name in a record book kept for that purpose, and a failure to comply with any of the provisions of such bond worked a forfeiture thereof.

This proceeding was brought to enjoin the marshal of said city from enforcing said ordinance on the ground that it is unjust and unreasonable and is a tax for the purpose of raising a revenue, and that its provisions are so arbitrary as to amount to a suppression of his business.

There was offered in evidence a resolution of the city council which recited that, inasmuch as the city had authorized the granting of licenses to operate billiard halls, the service of an additional officer would be required, and the marshal was authorized to employ a deputy at a salary of $50 per month.

There was proof both pro and con on the necessity for the employment of this officer on account of the opera-

tion of billiard halls in that city; but the chancellor found the fact to be that billiard halls in that city required supervision and regulation.

The case of *Town of Dardanelle* v. *Gillespie,* 116 Ark. 390, is relied upon as authority for the proposition that billiard tables are not the proper subject of regulation unless they are used for purposes of gaming.

We are not now called upon to decide that question, but we will say the point was not so decided in the case cited. There it appeared from the agreed statement of facts that the tables were not used for gaming, or other unlawful purposes, and no attempt was made to show that the tables were so conducted that the business became a nuisance. It was sufficient there to say that, in the absence of authority from the Legislature to prohibit the operation of billiard tables and pool rooms, the town council could not declare that to be a nuisance which was not one *per se.*

That case, however, involved a town ordinance, while the one now under consideration was enacted by the council of a city of the second class. Cities of the second class are given certain enlarged powers, and under section 5593 of Kirby's Digest the council of such a city is authorized to enact ordinances "to prevent or regulate the carrying on of any trade, business or vocation of a tendency dangerous to morals, health or safety, or calculated to promote dishonesty or crime."

(1) A council cannot license any act which is prohibited by the State law, for that law is supreme, but it may prevent or regulate a business of the kind stated; the power to prevent to be exercised in the event the business is *per se* of such nature that its tendency is dangerous to morals, health or safety, or calculated to promote dishonesty or crime, while the power to regulate is to be exercised where the business may or may not become of that nature according to the manner in which it is conducted. In other words if the business is a nuisance *per se* the city council may prevent it. If

it is one which may become so by being improperly conducted, but which would not be so otherwise, then it may be so regulated that it may not become a nuisance.

(2)   We think the proof shows appellant's business to be of this last class and, therefore, the proper subject of regulation by the city council.

(3)   But we are also of the opinion that, although this ordinance is passed under the guise of one to regulate, it is, in fact, intended to be one for the suppression of that business.

And we think, it also appears that, if the ordinance did not operate to accomplish the result of suppressing the pool room business in that city, the proof shows it would be a revenue measure, and it is void upon either theory.

The decree of the court below will, therefore, be reversed and the cause remanded with directions to enter a decree in accordance with this opinion.