## THOMAS *v.* TOWN OF DES ARC.

### Opinion delivered July 3, 1916.

POOL TABLES—SUPPRESSION OF, BY MUNICIPAL CORPORATION—REGULATION.—A town has power to suppress billiard tables and pool tables when used for gaming, and to license, tax and regulate said instrumentalities when used only for the amusement and diversion of the players, and not for gaming.

Appeal from Prairie Circuit Court, Northern District; *J. G. Thweatt*, Special Judge; affirmed.

*W. A. Leach*, for appellant.

An incorporated town can not pass a valid ordinance licensing either billiard or pool tables. The only authority vested is to suppress when used for gaming. The agreement of facts shows that the tables were not used for gaming. The right to tax or license billiard tables is not delegated and does not arise by implication. Kirby's Digest § 5438 is the only delegation of power that Des Arc assumes. The ordinance is void for want of power to pass. 28 Cyc. 746; 116 Ark. 390; 45 *Id.* 454; 31 *Id.* 462; 27 *Id.* 467.

*Emmett Vaughan*, for appellee.

Section 5438 Kirby's Digest grants the power to license and tax billiard and pool tables and to suppress them when used for gaming. Pool halls and billiard parlors are proper subjects of police regulation. 116 Ark. 390.

The ordinance was regularly passed. The tax is not unreasonable, nor in excess of the necessity under police regulation. It is not a revenue measure.

KIRBY, J.   This appeal challenges the validity of an ordinance of the town of Des Arc, prescribing a tax or license on billiard and pool tables.

Appellant was convicted in the Mayor's court on a charge of violating the ordinance and on appeal in the circuit court. The agreed statement of facts shows that appellant kept a billiard and pool hall during the time for which license was required to be paid by the ordinance with billiard and pool tables therein, none of which were used as gambling devices.

The ordinance was duly passed and requires the payment of a license of $5.00 per annum for the privilege of operating or keeping each billiard and pool table.

The court refused to declare the law as requested by appellant that an incorporated town was without power to enact a valid ordinance, licensing either billiard or pool tables and had authority only to suppress the keeping of same when used for gambling and declared the law as requested by appellee that the town under the police power delegated to it could impose a license or tax or regulate either or both pool tables and billiard tables whether the same are used for gaming or not and suppress same if kept or used far gaming.

Appellant contends that the ordinance prescribing the payment of a license or tax is void, the town being without authority to enact same.

The law granting general powers to cities and incorporated towns, sec. 5438, Kirby's Digest, provides: "They shall have power * * * * to license, regulate, tax or suppress * * * * hawkers, peddlers, brokers * * * * fortune-tellers, corn doctors * * * * museums and menageries * * * * muscle developers, billiard tables or other instruments used for gaming."

It has been held that authority is expressly given to towns to suppress gambling devices. *State* v. *Lindsay*, 34 Ark. 372.

In *Town of Dardanelle* v. *Gillespie,* 116 Ark. 390, it was held that the town was without authority to declare a pool hall a nuisance and suppress it unless the tables were used for gaming and the evidence there showing they were not kept for gaming but only for amusement and diversion of the players and that no gambling was allowed, the ordinance was held void. It was recognized, however, that pool halls and billiard parlors are uniformly held to be proper subjects for police regulation and places which may become nuisances and liable to suppression. It was not decided there that billiard and pool tables are not the proper subject of regulation unless used for gaming purposes. *Bryan* v. *City of Malvern,* 122 Ark. 379, 183 S. W. 957.

The statute expressly empowers towns to license, regulate, tax or suppress the various occupations and devices mentioned, among the number "billiard tables, or other instruments used for gaming" and since it has the power only to suppress such tables and appliances when used for gaming, a fair construction of the language used necessarily gives the town the power to license, tax or regulate said tables and instrumentalities that can be and are used for gaming or for pleasure and diversion of the players when used for the latter purpose only and not for gaming.

In other words, the town is given power to suppress billiard tables and pool tables which are only a particular kind of billiard table when used for gaming, and to license, tax and regulate said instrumentalities when used only for the amusement and diversion of the players and not for gaming.

Since the town had the power to pass the ordinance and no complaint is made against the tax or license prescribed, as unreasonable, the judgment will be affirmed. It is so ordered.