HENDERSON *v.* ROAD IMPROVEMENT DISTRICT No. 1 OF
HOT SPRING COUNTY.

Opinion delivered May 10, 1926.

1. HIGHWAYS—IMPROVEMENT DISTRICT—COLLATERAL ATTACK.—Where a road improvement district was created by a special statute, the validity of the district cannot be assailed except by showing that the statute is void on its face.

2. HIGHWAYS—IMPROVEMENT DISTRICT—ATTACK ON ASSESSMENTS.— Where the correctness of an assessment is assailed on a collateral attack, in a suit brought after the expiration of the time allowed by the statute, the presumption in favor of the validity and

correctness of the assessment is conclusive, unless the assessment is arbitrary on its face.

3. PLEADING—STATEMENTS OF CONCLUSION.—Allegations by defendants, in a suit to enforce a tax lien for highway improvement, that the assessments were arbitrary and unreasonable were mere statements of a conclusion and not of facts sufficient to overturn the validity of the assessment.

Appeal from Hot Spring Chancery Court; *Jabez M. Smith,* Special Chancellor; affirmed.

*C. T. Cotham* and *Houston Emory,* for appellant.

McCULLOCH, C. J.    Appellee is a road improvement district created by special statute. Special Acts 1921, pp. 16, 228.   The statute lays off certain road districts in Hot Spring County by sections and creates a separate district or section for the completion of each one of the specified roads, the boundaries of each district or section being described in the statute.   The road to be constructed under the section involved in this litigation is one that runs in a general westerly direction from a certain street in Malvern, designated as a public road.   The statute names the commissioners and authorizes the formation of plans for the improvement, the assessment of benefits, the issuance of bonds, and contracts for the construction of the improvement.   The statute provides, in substance, that, after the benefits have been assessed, the list shall be filed and notice published and an opportunity given for owners of property to be heard as to the correctness of the assessments.   A period of twenty days is provided in the statute for suit to contest the validity of the assessments.

The assessments were completed and approved, and the road was constructed, and this suit was instituted by the commissioners of the district against appellants and other property owners who were delinquent in the payment of their taxes, to enforce the tax lien.   Appellants appeared and filed answers and cross-complaints contesting the validity of the assessments on the ground that their property would not be benefited.   It was alleged by appellants, in general terms, that the assessments were

arbitrary and unreasonable, and there was a specific allegation in the answer that the lands of appellants lie north of a certain mountain which constitutes an impassable barrier to the use of the road. The court sustained a demurrer to the answer, and rendered judgment in favor of the district for the enforcement of the tax lien.

The district was, as before stated, created directly by legislative enactment, and the validity of the district cannot be assailed except by showing that the statute is void on its face. *House* v. *Road Improvement District,* 158 Ark. 357. The defense offered by appellants to the enforcement of the taxes constitutes a collateral attack on the validity of the assessments made in accordance with the statute. In the latest case on this subject, we said:

"Where the correctness of an assessment is assailed on collateral attack in a suit brought after the expiration of the time allowed by statute, the presumption in favor of the validity and correctness of the assessment is conclusive, unless the assessment is arbitrary on its face." *Farelly Lake Levee Dist.* v. *Hudson,* 170 Ark. 1106.

There is nothing to show that the assessment of benefits in the present case is void on its face. The appraisal of benefits was a matter of judgment and opinion, and the appraisement made by the officers of the district pursuant to the statute is conclusive on collateral attack. Appellants had the opportunity to challenge the correctness of the assessments when the list was filed and notice thereof published in accordance with the statute, hence it is too late now to challenge their correctness. The allegations of the complaint that the assessments were arbitrary and unreasonable were mere statements of a conclusion and not a statement of facts sufficient to overturn the validity of the assessments. *Salmon* v. *Board of Directors,* 100 Ark. 366.

We are of the opinion that the chancellor was correct in sustaining the demurrer, and the decree is therefore affirmed.