THOMPSON *v.* WISEMAN.

4-3565

Opinion delivered October 29, 1934.

R. *Leon Day* and *Sam Robinson,* for appellants.

*Hal L. Norwood,* Attorney General, *Earl R. Wiseman* and *Charles W. Mehaffy,* for appellee.

JOHNSON, C. J.   Appellants own and operate in public places in this State certain miniature pool tables, marble tables and various types of vending machines controlled by coin slot devices. By acts 158 and 167 of

1931, amended by act 137 of 1933, the privilege of operating these devices in this State is subjected to a tax.

This suit was brought by appellants against appellee Revenue Commissioner to restrain and enjoin him from enforcing said acts because, as it is alleged, act 158 of 1931 is unconstitutional and void because in conflict with the fourteenth amendment to the Constitution of the United States, and is contrary to and in conflict with § 5 of article 16 of the Constitution of this State; that act 158 of 1931 is void because it did not receive the necessary vote required by § 31 of article 5 of the Constitution upon passage through the respective houses of the General Assembly; that act 158 is discriminatory against coin operated pool tables, and in favor of standard pool tables, and is therefore void; that act 167 of 1931 repealed act 158 of 1931, in so far as said act 158 applies to miniature pool tables.

Appellee's demurrer was sustained to this complaint, and this appeal seeks review thereof.

The reasons why these acts are conceived to be contrary to the Fourteenth Amendment of the Constitution of the United States are not pointed out in briefs, therefore we shall pretermit any discussion thereof.

Appellants' contention that said acts are contrary to and in violation of § 5 of article 16 of the Constitution of 1874 can not be sustained. This section of the Constitution provides: ''All property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the State. No one species of property from which a tax may be collected shall be taxed higher than another species of property of equal value, provided the General Assembly shall have power from time to time to tax hawkers, peddlers, ferries, exhibitions and privileges, in such manner as may be deemed proper.''

Appellants' contention is grounded upon the legal proposition that the Constitution of 1874 limits the taxing power of the State in two particulars, namely: First, a tax must be *ad valorem,* equal and uniform; secondly, that the State can not lay a tax for State revenue pur-

poses upon occupations of common right. The contention that the tax here levied is not *ad valorem,* equal and uniform has no application to the question here under consideration. The tax here levied is upon the privilege of operating pool tables, miniature pool tables or other devices controlled by coin slot machine devices, and such a tax is expressly authorized by § 5, article 16, of the Constitution as heretofore quoted. We stated the applicable rule in *Fort Smith* v. *Scruggs,* 70 Ark. 549, 69 S. W. 679, as follows:

"The subject-matter of this statute comes, we think, within the general law making power of the Legislature, and, if there be limitations forbidding the exercise of this power in that respect, it must be found in the Constitution. But there is none. Our Constitution expressly provides that the Legislature shall have power to tax privileges in such manner as may be deemed proper."

Again, in *Floyd* v. *Miller Lumber Co.,* 160 Ark. 17, 254 S. W. 450, we stated the applicable rule in reference to the severance of growing timber from the soil as follows: "Following the lead of the Supreme Court and the trend of our own decisions, and for purposes of uniformity, a thing to be desired, a majority of the court, including the writer, have concluded that the tax imposed by the acts is a privilege and not a property tax. As a privilege tax it is clearly and definitely authorized by the Constitution."

Appellants especially rely upon *Stevens & Wood* v. *State,* 2 Ark. 291, and subsequent cases of similar effect, as authority for their position that the tax here levied is a property tax.

It is true we held in *Stevens & Wood* v. *State, supra,* that all property in this State must be taxed according to its value, and that the tax thereon must be equal and uniform throughout the State, but we also said in this connection that when property was acquired it must be so kept and disposed of as not to injure any paramount legal right of another or affect injuriously the public morals or public good.

It is perfectly clear that the holding of this court in the last case cited was that the ownership of a pool

table was not *per se* a privilege, but that its use might be determined a privilege and regulated as such. The distinction here pointed out is fully recognized in all our subsequent cases on this subject.

Neither can we agree that the privilege here taxed is an occupation of common right. We have heretofore distinguished the meaning between the words "privilege" and "occupation" as follows: "The words 'pursuits and occupations' are synonymous, and are used in their common acceptation to denote the principal business, vocation, employment, calling or trade of individuals that but for some constitutional or statutory inhibition could be exercised and enjoyed as of common right, but the word 'privilege' as used in the Constitution of 1868 is not synonymous with the words 'pursuits and occupations'."

The slot machine devices here in use are automatic and self-operating, therefore need no one to attend upon them, if needed this be important, while being operated; therefore no occupation of common right is here involved. Moreover, the law is well settled in this State that the police power may be exercised by the Legislature for the protection of the health and morals of the people unrestrained, unless such regulations are so utterly unreasonable in their nature and purpose as to unnecessarily and arbitrarily interfere with or destroy personal property and rights without due process of law. See *Little Rock* v. *Reinman,* 107 Ark. 174, 155 S. W. 105, which was affirmed by the Supreme Court of the United States in 237 U. S. 171, 35 S. Ct. 511.

The acts here under consideration were a reasonable exercise of the police power, and in no wise interfere with the rule in reference to occupations of common right.

Next, it is urged that act 158 is void because not passed by a majority vote of two-thirds of both Houses of the General Assembly. This exact question was before us in *Stanley* v. *Gates,* 179 Ark. 886, 19 S. W. (2d) 1000, and we there decided the question as follows: "It is conceded that the first two items, viz., charity fund and common school equalization fund, come respectively under the phrases 'defraying the necessary expenses of

government' and 'to sustain the common schools,' but it is insisted that the concluding part of the section providing that the remainder of the fund be used solely for the purpose of reducing the State tax on property amounts to a violation of the constitutional provision, because such use is not for any enumerated purpose in the section, and is therefore in violation of the constitutional provision, because the act was not passed by two-thirds majority vote in each House of the Legislature. A majority of the court does not agree with this contention.''

The doctrine here announced in no wise conflicts with the opinions in *Beloate* v. *Kaufman,* 117 Ark. 352, 175 S. W. 87, or *Oliver* v. *Southern Trust Co.,* 138 Ark. 381, 212 S. W. 77. In the last mentioned cases, we were dealing with a question altogether different from the one here under consideration. A mere reading of the respective cases will differentiate the conclusions reached.

The contention that this legislation is discriminatory in favor of standard pool tables and against miniature slot operated devices is likewise without merit. If the privilege of operating pool tables is one which may be granted or withheld by the Legislature, then certainly when the privilege is granted it may be upon such terms as the Legislature may prescribe.

It is also urged, that act 167 of 1931 repeals act 158 of 1931. If repeal exists, it must be by implication and not direct, as act 167 carries no repealing clause. We have always held that repeals by implication are not favored. *Baker* v. *Hill,* 180 Ark. 387, 21 S. W. (2d) 867; *Massey* v. *State,* 168 Ark. 174, 269 S. W. 567, and cases there cited.

Without setting out in detail the provisions of said acts, it may be said that act 158 lays a tax upon the privilege of operating standard pool tables. Act 167 lays a tax upon the privilege of operating miniature pool tables, vending machines, marble machines or any other machine operated by an automatic coin slot device. We can not perceive any invincible repugnancy between the two acts, and are unwilling to hold that act 167 is a

substitute for act 158; therefore the one does not repeal the other.

The chancellor's determinations conforming to the views here expressed, the decree based thereon must in all things be affirmed.