CITY OF PIGGOTT *v.* EBLEN.

5-2951                                  366 S. W. 2d 192

Opinion delivered April 1, 1963.

*Trantham & Knauts,* by *Hugh W. Trantham,* for appellant.

*Kirsch, Cathey & Brown,* for appellee.

FRANK HOLT, Associate Justice. The appellant, the City of Piggott, Arkansas, enacted Ordinance 209 declaring that: " * * * Pinball machines or other gaming devices are a public nuisance * * * ". The ordinance further provides that it is unlawful for any business establishment or individual to possess pinball machines in any manner within the city. A violation of this ordinance is punishable by a fine of not less than $5.00 nor more than $25.00 per day.

The appellee, Mrs. Dena Eblen, doing business as Paragould Music Company, is the owner of coin operated pinball machines which she had placed on the business premises of the other appellees, Henry C. Martin, doing business as A & W Root Beer Stand; Raymond Arehart, doing business as Ray's Drive-In; and Amos Latta, doing business as Mohawk Cafe and Latta's Service Station. These appellees, the machine owner and location owners, brought suit in chancery court seeking injunctive relief and a declaratory judgment invalidating the ordinance.

Appellant, a City of the Second Class, in its response denied that pinball machines are classified in the ordinance as gaming devices and alleged that minors [school children] were permitted to use them and play them in such a manner as to constitute a public nuisance. Appellant contended that it had the power and authority to enact and enforce the questioned ordinance.

The chancery court held the ordinance unconstitutional as being contrary to the Constitution and Statutes of Arkansas by classifying pinball machines as gaming devices and prohibiting them within the limits of the city. The court permanently enjoined the appellant from enforcing the ordinance as to pinball machines and amusement games as defined by Ark. Stat. § 84-2611. From this decree appellant brings this appeal.

On appeal it is the conteniton of appellant that the ordinance, declaring the possession and operation of pinball machines to be a public nuisance, is not contrary to the Constitution and the Statutes of Arkansas and, further, that a nuisance *per se* did in fact exist by reason of the operation of pinball machines within the limits of the city.

Appellees and appellant agree by their pleadings that the gross receipts from the pinball machines are distributed equally between the machine owner and the location owner; that the machines are coin operated and permit the person operating the machine, upon deposit of a coin therein, to play a game by the shooting of marbles or round objects which, depending upon the skill of the operator, will register various scores and record them upon the machine; that neither the machine owner nor the location owner pay any rewards for the scores except that free games are given upon certain specified scores being registered; and that the appellees have paid all city and state license fees imposed by both the city and state.

The question presented is whether the appellant has the authority to enact and enforce this ordinance. We have had occasion in many cases to define the extent of the powers of municipalities in our state. We have consistently followed the definition which was reiterated in *Yancey* v. *City of Searcy,* 213 Ark. 673, 212 S. W. 2d 546, in the following language:

"It is a general and undisputed proposition of law that *a municipal corporation possesses and can exercise the following powers, and no others*: First, those granted

in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the accomplishment of the declared objects and purposes of the corporation, not simply convenient, but indispensable. Any fair, reasonable, substantial doubt concerning the existence of power is resolved by the courts against the corporation, and the power is denied." [Emphasis ours]

Also see *Arkansas Utilities Co.* v. *City of Paragould,* 200 Ark. 1051, 143 S. W. 2d 11; 37 Am. Jur., 722.

The function and purpose of a municipal government was succinctly expressed in *Cumnock* v. *City of Little Rock,* 154 Ark. 471, 243 S. W. 57, where we find this principle of law quoted by this court with approval:

"* * * Municipal corporations are created to aid the State Government in the regulation and administration of local affairs. They have only such powers of government as are expressly granted them, or such as are necessary to carry into effect those that are granted."

With this well established principle of law before us we now proceed to review legislation in our state on the subject of coin operated amusement devices. Act 167 of 1931 [Ark. Stat. 84-2601] provides that the business of owning, operating, or leasing such machines is a privilege for which licenses can be required and taxes imposed. Its validity was approved in *Thompson* v. *Wiseman,* 189 Ark. 852, 75 S. W. 2d 393. Act 137 of 1933 [Ark. Stats. 84-2602] defines such machines as: "* * * any machine, * * * which is operated by placing in same through a slot, or any kind of opening or container, any coin, * * * before such machine operates or functions."

Act 201 of 1939, as amended, [Ark. Stat. 84-2611] specifically provides that amusement games played on pinball machines are lawful even though free games be given upon certain scores being made. This Act provides in pertinent part:

''Amusement games shall include such games as Radio Raffles [Rifles], Miniature Football, Golf, Baseball, Hockey, Bumper, Tennis, Shooting Galleries, Pool Tables, Bowling, Shuffleboard, *Pinball Tables,* Marble Tables, and other Miniature games whether or not it shows a score and not hereinafter excluded in Section 3 [§ 84-2612][1] hereof, and where the charge for playing is collected by a mechanical device. The terms 'any money or property,' or 'other articles,' or 'other valuable thing,' or 'any representative of anything that is esteemed of value,' as used in the anti-gambling statutes * * * shall not be expanded to include a free amusement feature such as the privilege of playing additional free games if a certain score is made on a *pinball table* and on any other amusement games described in this section.' [Emphasis added]

This same Act [Ark. Stats. 84-2613—2617] provides for the imposition of a privilege tax by the state at $5.00 per machine annually and, also, permits municipalities to tax the pinball machines provided the municipal tax does not exceed that imposed by the state. This Act [Ark. Stat. 84-2614] further provides that where the state tax has not been paid the machine is declared to be a public nuisance subject to seizure and sale by the state upon an order by the Pulaski Chancery Court if the owner does not redeem the machine within ten (10) days by paying the tax due and the costs. No such power is granted to municipalities if a municipal tax is not paid. Act 60 of 1949 [Ark. Stats. 41-1122—1123] makes it unlawful to permit any person under eighteen (18) years of age to play or operate a pinball machine and provides for a fine of not less than $25.00 and not more than $500.00 for violation thereof. Act 120 of 1959 [Ark. Stat. 84-2622] provides that the business of owning, operating, or leasing coin operated devices is a privilege subject to a state tax, and Ark. Stat. 84-2625 imposes an annual license fee of $250.00 and expressly prohibits any munici-

---

[1] "Nothing herein contained shall be deemed to legalize, authorize, license or permit any machine commonly known as slot machines, Roscoes, Jackpots or any machine equipped with any automatic money payoff mechanism."

pality from levying such a privilege tax on the basis of this Act.

Thus, it is readily apparent that a conflict exists between the questioned ordinance and the statutes. In *Shipley Baking Co.* v. *City of Hartford,* 182 Ark. 503, 31 S. W. 2d 944, the municipality adopted an ordinance requiring payment of a fee for inspecting food sold in the city. The Legislature had conferred upon the State Board of Health the power to inspect bakeries and regulate the sale of their products. There our court said:

"* * * the *statute* giving the power of regulation in the sale of foods and drinks was *paramount,* and that it is elementary law that a municipal ordinance, in so far as it conflicts with the statute, is invalid. *The reason is that the statute of the State operates within the limits of the municipal corporation the same as it does elsewhere, and that local laws and regulations are at all times subject to the paramount authority of the Legislature.* Hence, ordinances of cities and towns inconsistent with statutes on the same subject must be held of no effect unless they are authorized by an express legislative grant." [Emphasis added]

When we apply, in the case at bar, the long recognized rule governing municipal powers, as announced in the cited cases, we must agree with the trial court that the ordinance in question is in conflict with our state statutes on this same subject. The statutes of our state, being paramount and supreme, have pre-empted the appellant in this field of legislation and, therefore, render the ordinance a nullity.

The appellant contends that the use of the pinball machines by minors [school children under eighteen (18)] constitutes a public nuisance and, therefore, pursuant to Act 24 of 1897 [Ark. Stat. 19-2305] empowering municipal corporations to prevent and abate nuisances the city can validly abate the alleged nuisance by this ordinance. In this case three adult witnesses testified that they had observed children under the age of eighteen (18) playing these machines between school hours. Two

of these minors testified that they had played the machines on many occasions. There is no evidence of gambling on these machines. Appellant is not empowered, of course, to declare something to be a public nuisance which the state has clothed with legality because the state law is paramount and supreme. Therefore, this contention is not valid.

Further, we have held in many cases that the mere declaration in a city ordinance that a certain act constitutes a nuisance does not make it such in fact. *Ward* v. *City of Little Rock,* 41 Ark. 526; *Town of Arkadelphia* v. *Clark,* 52 Ark. 23, 11 S. W. 957; *Merrill* v. *City of Van Buren,* 125 Ark. 248, 188 S. W. 537; *Wilkins* v. *City of Harirson,* 218 Ark. 316, 236 S. W. 2d 82; *Arkansas State Board of Architects* v. *Clark,* 226 Ark. 548, 291 S. W. 2d 262. In *Town of Dardanelle* v. *Gillespie,* 116 Ark. 390, 172 S. W. 1036, the city adopted an ordinance declaring the keeping of a pool hall in the city limits to be a nuisance and prohibited the keeping or operation of such. In declaring this ordinance invalid the court said:

"* * * not being nuisances *per se,* town councils would have no authority to prohibit their maintenance, unless that authority was conferred by express legislative enactment, or unless their maintenance was made unlawful by the laws of the State."

We have held that although pool halls might be regulated by a city council to prevent them from becoming public nuisances, such authority would not permit a city to suppress completely the existence of a lawful business by imposing an annual fee of $600.00 and requiring a bond of $1,000.00 conditioned upon the observance of certain regulations. *Bryan* v. *City of Malvern,* 122 Ark. 379, 183 S. W. 957.

Declaring pinball machines to be illegal is a subject which addresses itself to the wisdom of the legislature. It is not the function or within the power of this court to invade the constitutional authority of the legislature, a coordinate branch of our government. The fact that this ordinance cannot stand does not leave appellant help-

less and disarmed in suppressing the alleged illegal acts. It is not denied in this case that no request or effort was ever made to invoke any of our penal laws that might be applicable to the facts in this case. The statutes which presently legalize the existence of pinball machines also make it a violation of the law to permit any person under eighteen (18) years of age to play them. [Ark. Stats. 41-1122 — 1123, supra] The owners of those establishments which permit children under eighteen (18) years of age to play these machines are subject to these provisions.

The trial court was correct in declaring the questioned ordinance invalid as being contrary to the Constitution and Statutes of this state. The decree is affirmed.