GREEN STAR SUPERMARKET, INC. *v.* HARRY STACY JR., A. B. CORDER AND J. T. McKINNON

5-4122                                          411 S. W. 2d 871

Opinion delivered March 6, 1967

*Henslee & Patty;* By: *William E. Henslee,* for appellant.

*Warren & Bullion,* for appellees.

CARLETON .HARRIS, Chief Justice. Appellant, Green Star Supermarket, Inc., operates retail grocery stores in the city of Little Rock. Appellees are three citizens of Pulaski County who instituted suit under Little Rock Municipal Ordinance No. 11-198, as amended, same being Section 25-115.1 of the City Code, to enjoin appellant from violating this ordinance, and from selling or offering for sale any of the articles prohibited under the provisions of the ordinance. Appellant filed a demurrer to the complaint, which was overruled by the Chancellor, and Green Star Supermarket electing to stand on its demurrer, the court entered a decree whereby the appellant, "is hereby restrained and enjoined from violating

the provisions of City Ordinance 11-198 same being Section 25-115.1 of the Code of the City of Little Rock, more popularly known as the Sunday Closing Ordinance and the defendant, its agents, servants and employees are restrained and enjoined from offering for sale or selling on Sunday any of the articles prohibited by said Sunday Closing Ordinance hereinabove stated."

From the decree so entered, comes this appeal. For reversal, four points are relied upon, *viz*, the ordinance is invalid because it is arbitrary and unreasonable, prohibits instead of regulates, and thereby exceeds a municipal corporation's statutory authority to regulate; second, the ordinance is invalid because it declares something to be a nuisance which is actually not a nuisance; third, the Chancery Court is without jurisdiction to enjoin the commission of a criminal offense when the complaining parties do not allege any injury, and fourth, the ordinance is void because it is too vague and uncertain to be effective. We proceed to a discussion of these points in the order listed.

Appellant argues that the classification of items, permitting some to be sold and prohibiting all others from being sold, is unreasonable and arbitrary; that there is no reasonable relationship between proper regulation of the operation of Sunday business and the arbitrary and unreasonable classification of the items permitted, and prohibited, for sale on Sunday. Without setting out the items, we deem it sufficient to state that this argument was fully considered in the case of *McGowan* v. *Maryland*, 336 U. S. 420, 6 L. Ed. 2d 393. This case involved the constitutionality of the Maryland Sunday Closing Laws. There, the appellants were indicted for selling a three-ring, loose-leaf binder, a can of floor wax, a stapler and staples, and a toy submarine in violation of Md. Ann. Code, Art. 27, § 521. That section, like the ordinance involved in the present litigation, in general, prohibited the Sunday sale of merchandise, but excepted numerous specific items which could be sold. Appellants contended, *inter alia,* that the Maryland

statutes, under which they were convicted, were contrary to the Fourteenth Amendment, but our highest court, in affirming the Maryland court, disagreed, stating:

"Appellants argue that the Maryland statutes violate the 'Equal Protection' Clause of the Fourteenth Amendment on several counts. First, they contend that the classifications contained in the statutes concerning which commodities may or may not be sold on Sunday are without rational and substantial relation to the object of the legislation. Specifically, appellants allege that the statutory exemptions for the Sunday sale of the merchandise mentioned above render arbitrary the statute under which they were convicted. Appellants further allege that § 521 is capricious because of the exemptions for the operation of the various amusements that have been listed and because slot machines, pin-ball machines, and bingo are legalized and are freely played on Sunday.

"The standards under which this proposition is to be evaluated have been set forth many times by this Court. Although no precise formula has been developed, the Court has held that the Fourteenth Amendment permits the States a wide scope of discretion in enacting laws which affect some groups of citizens differently than others. The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it. (Citing cases)

"It would seem that a legislature could reasonably find that the Sunday sale of the exempted commodities was necessary either for the health of the populace or for the enhancement of the recreational atmosphere of the day—that a family which takes a Sunday ride into the country will need gasoline for the automobile and

may find pleasant a soft drink or fresh fruit; that those who go to the beach may wish ice cream or some other item normally sold there; * * *

"The record is barren of any indication that this apparently reasonable basis does not exist, that the statutory distinctions are invidious, that local tradition and custom might not rationally call for this legislative treatment."

We think this case completely answers the contention made.

It is further asserted that, while the city may have authority to properly regulate the operation of businesses on Sunday within the city limits, the complete prohibition of sales of all but certain items on this day of the week does not constitute regulation, but actually constitutes prohibition. We disagree, and here again, the contention is rejected in *McGowan*. Ark. Stat. Ann. § 19-2335 (Supp. 1965) provides:

"Hereafter, city council or board of managers of any city or incorporated town in this State shall have the authority, by ordinance, to regulate the operation of businesses within such cities or towns on Sunday."

We consider this statute as sufficiently broad and definite to grant the municipality full and complete authority to enact the present ordinance, and we might also call attention to Ark. Stat. Ann. § 41-3812—41-3823 (Supp. 1965), which is Chapter 38, entitled, "Sunday Laws," (Act 135 of 1965). This act reaffirms the power given a municipality to enact ordinances *prohibiting* sales, and the statute itself prohibits the sale of certain specified items. There is no merit in this contention.

As to the second contention, the answer is simply that the ordinance in question declares a violation of same to be a public nuisance; state statutes also declare

illegal sales on Sunday to be a public nuisance. Ark. Stat. Ann. § 41-3818 (Supp. 1965). In *Dardanelle* v. *Gillespie,* 116 Ark. 390, 172 S. W. 1036, this court pointed out that a city or town has no authority to declare something a nuisance, which is not a nuisance *per se, unless that authority was conferred by express legislative enactment.* Here, that authority has been conferred, and we accordingly find no merit in this contention.

It is next asserted that the Chancery Court is without jurisdiction to enjoin the commission of a criminal offense when the complaining parties do not allege any injury. We do not agree with that argument. It has already been pointed out that this ordinance was properly authorized, and the city statute does not go beyond the authority bestowed by the General Assembly. Sub-section (c) declares that the sale of any prohibited article "is declared to be a public nuisance, and any store or other establishment wherein such sales or offers of sales are made in violation of this section is hereby declared to be a public nuisance, and *any citizen* (our emphasis) of this city may enjoin said nuisance in the Chancery Court of this district. The issuance of an injunction shall not relieve a person from criminal prosecution for violation of the provisions of this section, but such remedy of injunction shall be in addition to liability to criminal prosecution." We have held on several occasions that the fact that the violation of an act constitutes a criminal offense does not affect the power of a court of equity to grant injunctive relief. In *Ritholz* v. *Arkansas State Board of Optometry,* 206 Ark. 671, 177 S. W. 2d 410, we said:

"The action is not one to enjoin the commission of a crime, as such. Its purpose, primarily, is to prevent the illegal practice of optometry, rather than to penalize the practitioner. If the latter alone were the object, Chancery would be without jurisdiction. The rule, as stated in 28 American Jurisprudence, Injunctions, § 148 at page 338, is that acts amounting to a public nuisance

will be restrained if they affect the civil or property rights or privileges of the public, or endanger the public health, regardless of whether such acts are denounced as crimes.''

Also, in *James v. James,* 237 Ark. 764, 375 S. W. 2d 793:

''The fact that an act enjoined also happens to be a criminal offense does not affect the power of a court of equity to enforce its order and the criminal aspects of an act neither give nor oust equity of jurisdiction. *Meyer v. Seifert,* 216 Ark. 293, 225 S. W. 2d 4; *Hickinbotham v. Corder,* 227 Ark. 713, 301 S. W. 2d 30. If it should be held that the imposition of a criminal penalty for violation of a law would deprive a court of equity of jurisdiction to enforce its orders than a person desiring to proceed or continue in violation of the law might be able to pay a maximum fine and, thus, make himself immune from a valid chancery court injunction. This is not and should not be the law.''

Finally, it is urged that the ordinance is void because it is too vague and uncertain to be effective. Here again, the contention is contrary to the holding in *McGowan v. Maryland, supra,* where the United States Supreme Court stated:

''Another question presented by appellants is whether Art. 27, § 509, which exempts the Sunday retail sale of 'merchandise essential to, or customarily sold at, or incidental to, the operation of' bathing beaches, amusement parks et cetera in Anne Arundel County, is unconstitutionally vague. We believe that business people of ordinary intelligence in the position of appellants' employer would be able to know what exceptions are encompassed by the statute either as a matter of ordinary commercial knowledge or by simply making a reasonable investigation at a nearby bathing beach or amusement park within the county.''

Actually, the ordinance involved is not nearly so indefinite as that in *McGowan*, for Section 25-115.1 of the Code of the City of Little Rock lists rather specifically many items that may be sold; for instance, we find "milk, bread, cakes, pastries, fresh fruits, bacon, eggs," etc. Those mentioned only in general terms, we think, would be understood by anyone with, as stated in *McGowan*, "ordinary commercial knowledge." Examples are "drugs and medical supplies, and all other such items as are customarily used for the relief of pain * * * baby foods; school supplies * * * Gasoline, oil, greases, and motor vehicle parts or equipment necessary to the operation of a motor vehicle * * *" etc.

Finding no merit in any of the points raised by appellant, the decree entered by the Chancery Court is herewith affirmed.

FOGLEMAN, J., dissents.

JOHN A. FOGLEMAN, Justice, dissenting. I am compelled to disagree with my brethren of the majority. In the first place, I can find absolutely no authority for appellees to bring this action, even if it be conceded that injunction is an appropriate remedy in a case of this sort, which I do not. The majority find authority for appellees to seek equitable relief in their status as citizens only in, of all places, a city ordinance. This is a new departure for it has always been considered that a city ordinance could not confer a right of action on anyone.

We must not lose sight of the limitation on the powers and authority of municipalities. They have no inherent powers and can exercise only (1) those expressly given them by the State through the constitution or by legislative grant, (2) those necessarily implied for the purpose of, or incident to, these express powers and (3) those indispensable (not merely convenient) to their objects and purposes. *City of Little Rock* v. *Raines*, 241

Ark. 1071, 411 S. W. 2d 486, and cases cited therein. Nor can we forget that any fair, reasonable and substantial doubt about the existence of a power in a municipal corporation must be resolved against it. *City of Piggott* v. *Eblen,* 236 Ark. 390, 366 S. W. 2d 192; *City of Little Rock* v. *Raines, supra.*

It seems to be settled law that a city has no general, special or implied powers to create any right of action between third persons. *Bain* v. *Ft. Smith Light & Traction Co.,* 116 Ark. 125, 172 S. W. 843; McQuillin, Municipal Corporations, 3rd Ed., § 22.01. Possibly that power could be conferred upon cities by the State, but I cannot find where this has been done. It is nowhere mentioned in Act 135 of 1965 [Ark. Stat. Ann. §§ 41-3812—41-3823 (Supp. 1965)]. If we are to permit this to be done we are imposing an impossible burden on the judicial department.

The majority opinion itself, in quoting from *Ritholz* v. *Arkansas State Board of Optometry,* 206 Ark. 671, 177 S. W. 2d 410, recognizes the rule that acts amounting to a public nuisance will be restrained *if* they affect the civil or property rights or privileges of the public, or endanger the public health, regardless of whether such acts are denounced as crimes. See, also, *Hickinbotham* v. *Corder,* 227 Ark. 713, 301 S. W. 2d 30. I have been unable to find where appellees even claim that any of the civil or property rights or privileges of the public are affected or the public health endangered, even if the acts complained of constitute a public nuisance. So this is different from the *Hickinbotham* case.

A court of equity will not abate a public nuisance at the suit of a private party unless he shows that he has sustained and will sustain individual damage. *Ward* v. *City of Little Rock,* 41 Ark. 526. The impropriety of injunctive relief against an illegal act in the absence of allegations of injury and damage to the petitioner was again declared in *Arkansas State Board of Architects* v. *Clark,*

226 Ark. 548, 291 S. W. 2d 262. The court there cited what it called the well considered case of *Smith* v. *Hamm*, 207 Ark. 507, 181 S. W. 2d 475, wherein it was held that even if a criminal act were of a character to constitu'e a nuisance, one seeking an injunction must clearly show facts and circumstances to justify the court in granting him relief for injury to property or pecuniary rights. Even though appellees alleged that the acts of appellant were in flagrant disregard of the personal or property rights of appellees, they did not allege what personal or property rights were disregarded, or the manner in which they were injured or damaged. The statements of appellees are not statements of fact but are general allegations and conclusions of the pleader. As such they are not admitted by appellant's demurrer. *Herndon* v. *Gregory*, 190 Ark. 702, 81 S. W. 2d 849; *Ready* v. *Ozan Inv. Co.*, 190 Ark. 506, 79 S. W. 2d 433; *Wood* v. *Drainage Dist. No. 2 of Conway County*, 110 Ark. 416, 161 S. W. 1057; *Self* v. *Road Improvement Dist. No. 1 of Greene County*, 145 Ark. 87, 223 S. W. 402; *Purtle* v. *Wilcox*, 239 Ark. 988, 395 S. W. 2d 758. I do not see how any argument could be advanced that appellees' allegations in this regard are more than conclusions. A general allegation of fraud without a statement of facts upon which the allegation was based has been held insufficient as a statement of a legal conclusion. *Ready* v. *Ozan Inv. Co., supra; Finch* v. *Watson Inv. Co.*, 184 Ark. 312, 42 S. W. 2d 214; *Sibley* v. *Manufacturers' Furniture Co.*, 220 Ark. 234, 247 S. W. 2d 20. An allegation that goods were exempt in an action in replevin to recover goods levied upon under execution was held to be the statement of a conclusion of law, *Donnelly* v. *Wheeler*, 34 Ark. 111. A complaint alleging that a telephone company had discriminated against a defendant without stating the facts constituting the discrimination states merely a conclusion of law and is demurrable. *Phillips* v. *Southwestern Telegraph & Telephone Co.*, 72 Ark. 478, 81 S. W. 605. Allegations that a debtor's conveyance was made with the purpose and

intent to hinder, delay and defraud creditors were held to be conclusions. *Finch* v. *Watson Inv. Co.*, 184 Ark. 312, 42 S. W. 2d 214. An allegation that plaintiff's land received no benefit was said to be too general and a mere conclusion. *Higginbotham* v. *Road Improvement Dist. No. 3 of Lonoke Co.*, 154 Ark. 112, 241 S. W. 866. An allegation that assessments of benefits were arbitrary and unreasonable was a mere conclusion. *Henderson* v. *Road Improvement Dist. No. 1 of Hot Spring Co.*, 171 Ark. 8, 283 S. W. 39. Many other examples could be cited but these should be sufficient to illustrate that appellees' allegations are conclusions merely.

I would reverse this case for want of any cause of action by appellees.

Furthermore, insofar as the ordinance declares the acts therein prohibited to be a public nuisance, it is invalid because it is in excess of the powers of the municipality. It has long been settled in Arkansas that a city has the power to declare to be public nuisances only those things which constitute nuisances per se. The nearest to sources of authority in a city to declare acts to be a public nuisance are Ark. Stat. Ann. §§ 19-2303—04 (Repl. 1956). The former gives municipal corporations the power to prevent injury or annoyance within the limits of the corporation from anything dangerous, offensive or unhealthy and to cause any nuisance to be abated within the jurisdiction given the Board of Health. It has been a part of our statutory law since 1875, insofar as this language is concerned. The following section was enacted in 1885 and authorizes cities of the first class to prevent, abate, or remove nuisances of every kind, and to declare what are such and punish authors and continuers thereof by fine or imprisonment. It also provides that no previous declaration shall be necessary as to any matter, act or thing that would have been a nuisance at common law and that all nuisances may be proceeded against either by order of the city council or

prosecution in the Police Court. In spite of these statutes, this court has steadfastly held that the city's powers to declare nuisances are limited to nuisances per se. This rule has been invoked by this court to strike down many ordinances. Some of them declared the following to be public nuisances:

The working of convicts upon its streets, *Ward v. City of Little Rock*, 41 Ark. 526; owning, keeping or raising bees, *City of Arkadelphia v. Clark*, 52 Ark. 23, 11 S. W. 957; pool halls in which gambling was not permitted, *Town of Dardanelle v. Gillespie*, 116 Ark. 390, 172 S. W. 1036; the business of soliciting orders for photographs by door to door canvass, *Wilkins v. City of Harrison*, 218 Ark. 316, 236 S. W. 2d 82; the keeping of chickens, *City of Springdale v. Chandler*, 222 Ark. 167, 257 S. W. 2d 934; the construction of a building without connecting with the sanitary sewer system, *Bennett v. City of Hope*, 204 Ark. 147, 161 S. W. 2d 186; use of pinball machines by minors, *City of Piggott v. Eblen*, 236 Ark. 390, 366 S. W. 2d 192.

I do not believe that the majority intends to say that the sale of the articles specified by the ordinance on Sunday constitutes a public nuisance per se.

The opinion of the majority may intend to imply that Act 135 of 1965 [Ark. Stat. Ann. § 41-3812 to § 41-3823 (Supp. 1965)] gives the city some additional power to declare Sunday sales of specific articles to be a public nuisance, for there it is said that this statute is sufficiently broad to give the city full and complete authority to enact the questioned ordinance. A careful review of the Act nowhere reveals such a grant, whether or not we construe the grant strictly against the city, as we should. The only language from which any grant might, under the most liberal construction, be inferred is in § 11 [Ark. Stat. Ann. § 41-3822 (Supp. 1965)] which reads:

"The offenses and penalties herein provided shall be in addition to those provided by previously existing municipal and state laws, and nothing contained in this Act shall be construed to prohibit the city council or the board of managers of any city or town from enacting an ordinance or ordinances implementing or expanding the provisions of this Act in its application to businesses or occupations within the limits of such city or town, provided such ordinance or ordinances do not permit the sale of any articles on Sunday prohibited by this Act and are not otherwise in conflict herewith."

This section does nothing more than leave the city with whatever powers it had prior to enactment of Act 135 of 1965. Saying that a city is not prohibited by the Act from doing something is a far cry from a grant of authority which the city did not previously have. Even if this language could be construed to be a grant of power, nothing in it implies any power to declare something to be a public nuisance which is not a nuisance per se.

Nor is it sufficient that the Act declares the sale of any articles prohibited by *"this Act"* a public nuisance because the city ordinance prohibits the sale of many articles not prohibited by "this Act". [Italics ours]

I would also reverse on the merits on the basis that the portions of the ordinance declaring a public nuisance are invalid.