The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936-0280
Dear Senator Walters:
I am writing in response to your request for my opinion concerning the working hours of the elected Recorder/Treasurer for Hartford, Arkansas, which is a city of the second class. The mayor of Hartford has advised you that the Recorder/Treasurer apparently does not report to the office during regular office hours (8:00 a.m. to 4:00 p.m., Monday through Friday), instead reporting at night and on weekends. At the mayor's request, you have sought my opinion on the following question:
 Can an elected Recorder/Treasurer do her duties properly if she comes in after regular office hours?
RESPONSE
I am unable to answer the factual question of what is required for a particular official to fulfill her duties. However, I will note that a recorder is statutorily obligated to provide public access to official documents during business hours. As an elected city official, a recorder/treasurer may further be removed from office upon a circuit court's factual determination that he or she is guilty of nonfeasance.
The Arkansas Constitution and Code contain no provision expressly directing that an elected recorder/treasurer keep regular office hours.[1] However, A.C.A. § 14-14-110(a) dictates that "all records and other written materials in the possession of a local government shall be available for inspection and copying by any person during normal business hours." In addition, the "reasonable access" provision of the Arkansas Freedom of Information Act, A.C.A. § 25-19-105, likewise dictates that records be available for inspection and photocopying during normal working hours. In my opinion, a recorder/treasurer is obligated to abide by these provisions.
Your request closely resembles one contained in the attached Ark. Op. Att'y Gen. No. 96-328, in which my predecessor offered the following in considering whether a recorder/treasurer could work at home instead of at his or her city office:
 Arkansas Code Annotated § 14-44-109 (1987) provides that the recorder and treasurer "shall have such powers and perform such duties as are prescribed in this subtitle, or as may be prescribed by any ordinance of the city, consistent with the provisions of this subtitle." State law, however, does not address the issue of whether the recorder-treasurer may perform some of the work of that office at home. Although this office has not addressed this specific issue, we have opined that it is improper for a city clerk to maintain records at his or her home, rather than at the clerk's office. Op. Att'y Gen. No. 88-110. Similarly, it is my opinion that it would be improper for the recorder-treasurer to maintain records at his or her home; however, your question assumes that the completed work will be returned to and filed in the recorder-treasurer's office. In sum, if no duties are prescribed by ordinance for the recorder-treasurer, it is my opinion that the recorder-treasurer may perform some of the work of that office at home.
 . . . A.C.A. § 14-44-109 grants the city council, in a city of the second class, the authority to prescribe the duties of the recorder-treasurer. Consequently, this is a matter properly addressed by city ordinance.
You have not advised me whether any local ordinance addresses the recorder/treasurer's office hours in Hartford, Arkansas. I consequently cannot render an opinion beyond echoing my predecessor's conclusion that public records must be available for inspection and photocopying during normal business hours.[2]
I will further note that there remains a factual question whether the failure to observe traditional office hours amounts to nonfeasance sufficient to warrant removal from office pursuant to A.C.A. §14-42-109, which provides:
 (a)(1)(A) If the mayor or police judge, member of the city council, or any other elective officer of any city of the first class or second class or incorporated town in this state shall willfully and knowingly fail, refuse, or neglect to execute, or cause to be executed, any of the laws or ordinances within their jurisdiction, they shall be deemed guilty of nonfeasance in office.
 (B)(i) It shall be the duty of the circuit court of any county within which any officer may be commissioned and acting, upon indictment charging any such officer with nonfeasance in office, to hear and determine the charges.
 (ii) If upon hearing the charges are proved to be true, the court shall enter a judgment of record removing the guilty officer from office.
Applying this statute will entail conducting a factual inquiry of the sort I am neither authorized nor equipped to undertake. Assuming the subject of your request were faced with such a challenge, among the factual inquiries the court would conduct would be whether the recorder/treasurer complied with the public access statutes discussed at the beginning of this opinion.
For your information, I have found only one instance in which a treasurer or recorder has been the subject of a quo warranto proceeding to remove him from office for nonfeasance. In State v. Cumpton, 240 S.W.2d 877, 885
(Mo. 1951), the Missouri Attorney General sought the removal from office of a county treasurer who delegated his duties to staff in order to allow him to pursue his private business. In declining to remove the official, the Missouri Supreme Court made the following remarks:
 It is the duty of public officers to refrain from outside activities which interfere with the proper discharge of their duties. 43 Am.Jur. 81, Public Officers, Sec. 265. Relator contends that respondent was required to "attend" his office during the usual business hours and to "personally" devote his time to the performance of the duties of his office, "unless by other pressing official duties, or by illness, or some other lawful reason he was prevented therefrom"; and that it is no excuse that during his absence his assistants in his absence may have performed as well, or better than he, the duties incumbent upon him by law. . . .
 Relator insists that a finding that respondent has forfeited his office should be made, and that an order of ouster be entered. We do not think the words of Sec. 54.100, that "the county treasurer shall keep his office at the county seat of the county for which he was elected, and shall attend the same during the usual business hours," and the words of Sec. 106.220 "who shall fail personally to devote his time to the performance of the duties of such office" should be construed to require the actual continuous physical presence of the respondent in his office during the usual business hours or to require respondent to devote his entire time personally during such hours to the actual physical performance of the duties of the office on peril of forfeiture of his office. The sections have not been so construed and we think they should not be so construed. The authorities, however, are very limited.
I cannot opine whether a finder of fact would rule similarly in the present case. However, I am struck by the fact that the Missouri court, notwithstanding the existence of a statute that required attendance during "usual business hours," was willing to overlook what appears to have been total nonfeasance following the delegation of duties. Cumpton
strikes me as exemplifying the attitude that, absent some impending emergency, the performance of an elected official should be judged by the electorate, not the judiciary. I will not speculate whether an Arkansas court would adopt a similar attitude.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP/JHD:cyh
[1] In various other jurisdictions, a recorder/treasurer's office hours are set by state statute. See, e.g., Mont. Code Ann. § 7-4-102.
[2] I offer no opinion on the general question of whether A.C.A. §14-44-109 affords a city council the authority to dictate the hours that an elected official must be physically present in her office. A city council enjoys only such legislative authority as has been granted it by the General Assembly. Jones v. American Home Life Ins. Co.,293 Ark. 330, 738 S.W.2d 387 (1987); City of Little Rock v. Raines,241 Ark. 1071, 411 S.W.2d 486 (1967); City of Piggott v. Eblen,236 Ark. 390,366 S.W.2d 192 (1963). It may be that the statutorily granted right to impose substantive duties on recorders and treasurers does not carry with it a concomitant right to dictate how those duties will be performed.See Ark. Op. Att'y Gen. No. 96-052 (opining that a mayor could not require a treasurer/recorder to submit to annual job evaluations: "The question of whether a recorder/treasurer has adequately performed the duties of the office is one that must be addressed by the electorate, rather than by the mayor."); cf. La. Op. Att'y Gen. No 83-308 (statute granting local legislative body broad legislative power supported ordinance setting treasurer's office hours).