LAKE VIEW SCHOOL DISTRICT NO. 25 of Phillips County, Arkansas, *et al. v.* Governor Mike HUCKABEE, *et al.*

01-836                                                        144 S.W.3d 741

Supreme Court of Arkansas
Opinion delivered February 3, 2004

*Lewellen & Associates*, by: *Roy C. Lewellen*, for appellant class.

*Wilson Law Firm, P.A.*, by: *E. Dion Wilson*, for appellant school district.

*Mike Beebe*, Att'y Gen., by: *Timothy Gauger*, Ass't Att'y Gen., for appellees.

*Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A.*, by: *David R. Matthews*, for intervenors Rogers and Bentonville Public School Districts.

*Friday, Eldredge & Clark*, by: *Christopher Heller*, for intervenor Little Rock School District.

*Mitchell, Blackstock, Barnes, Wagoner, Ivers & Sneddon,* by: *Clayton R. Blackstock* and *Mark Burnette,* for amicus curiae Arkansas Education Association.

*Kaplan, Brewer, Maxey & Haralson, P.A.,* by: *Regina Haralson,* for amicus curiae Arkansas Public Policy Panel.

P̲ER CURIAM. On January 22, 2004, this court issued a *per curiam* order in which we recalled our mandate issued on January 1, 2004, and reestablished jurisdiction over this case. In that same *per curiam* order, we announced that we would appoint a Master to advise this court regarding compliance with our November 21, 2002 opinion, *Lake View Sch. Dist. No. 25 v. Huckabee,* 351 Ark. 31, 91 S.W.3d 472 (2002).

We hereby appoint Bradley D. Jesson, former Chief Justice of the Arkansas Supreme Court, and David Newbern, a former Justice of the Arkansas Supreme Court, to serve as Masters to this court in this case. The task of the Masters will be to examine and evaluate legislative and executive action taken since November 21, 2002, to comply with this court's order and the constitutional mandate that the State "maintain a general, suitable and efficient system of free public schools and . . . adopt all suitable means to secure to the people the advantages and opportunities of education." Ark. Const. art. 14, § 1. The Masters will then report their findings to this court. We direct that the Masters examine and evaluate the actions taken by the legislative and executive branches both before January 1, 2004, and after January 1, 2004, in reporting their findings to this court.

The report of the Masters shall focus on what steps the legislative and executive branches have taken to bring the educational system of this state into constitutional compliance since this court's opinion of November 21, 2002. The Masters shall examine and evaluate the following items and present their findings to this court:

(1)  The Adequacy Study prepared for the General Assembly and the steps taken by that body to implement the study;

(2)  The steps taken by the State to put in place a system to assess, evaluate, and monitor public school curricula offered in all primary and secondary schools in the state;

(3) The steps implemented by the State to assure that a substantially equal curriculum is made available to all school children in this state;

(4) The steps taken by the State to assess and evaluate public school buildings and educational equipment across the state;

(5) The steps taken by the State to implement measures to assure that substantially equal school buildings and school equipment are available to all school children in this state;

(6) The measures in place to assure that teacher salaries are sufficient to prevent the migration of teachers from poorer school districts to wealthier school districts or to neighboring states;

(7) The accountability and accounting measures in place for the State to determine per-pupil *expenditures* and how money is actually being spent in local school districts;

(8) The accountability and testing measures in place to evaluate the performance and rankings of Arkansas students by grade, including rankings in-state, regionally, and nationally;

(9) The measures taken by the General Assembly to enact a school funding formula and to fund it so that the school children of this state are afforded (a) an adequate education, and (b) a substantially equal educational opportunity so as to close the gap between wealthy school districts and poor school districts; and

(10) The measures taken by the General Assembly to assure that funding education is *the* priority matter in the budgetary process.

The Masters, in addition, are authorized to examine and evaluate any other issue they deem relevant to compliance with this court's November 21, 2002 opinion and to report to this court accordingly.

The Masters shall immediately hold a prehearing conference with the named parties and intervenors and their attorneys. With respect to Lake View School District No. 25, both of the attorneys who participated in oral argument on January 22, 2004, may appear. The purpose of the conference will be to delineate the issues and the procedure to be followed with respect to gathering

the necessary documents and materials and the taking of additional testimony, if necessary. The Masters shall further decide whether additional briefing by the parties and a hearing for attorneys to be heard on the issues listed above would prove beneficial.

We appreciate the significance of the task facing the Masters. We view the Masters' job as largely one of examining documents and materials relating to the listed issues and those actions taken by the State, both legislatively and administratively, since our opinion was handed down on November 21, 2002. Nevertheless, should the Masters want to take testimony, resources will be made available for that purpose. The Administrative Office of the Courts shall assist the Masters in this task and will make available office space, equipment, and supplies as well as administrative and technical support.

The Masters shall have the powers enumerated under Rules 53, 45, and 37 of the Arkansas Rules of Civil Procedure, which shall include the authority to issue any summons for any persons or subpoenas for any witnesses and for the production of documents, books, records, or other evidence in the same manner as is provided for civil process pursuant to the Arkansas Rules of Civil Procedure. It shall be regarded as contempt of the Supreme Court for a person not to appear or for documents or other evidence not to be produced in accordance with subpoenas. This court will decide whether refusal to comply with any subpoena of the Masters constitutes contempt of court under Supreme Court Rule 6-5.

We direct that the Masters furnish this court their report on or before sixty days from the date of this *per curiam.*

GLAZE, J., concurs.

IMBER, J., not participating.

Special Justice CAROL DALBY joins.

TOM GLAZE, Justice, concurring. I join in the per curiam appointing two masters, but, based on past and present events, I am left with some concern that the hearings required of the masters could be extended needlessly, if the parties and their counsel proffer unnecessary evidence. The parties and their attorneys have already conceded that full compliance with this court's November 21, 2002, decision and its constitutional mandate was not achieved on or before January 1, 2004. I believe the masters should place their emphasis on what the general assembly has done since January 1,

2004. While I agree the acts or inactions by the General Assembly prior to January 1, 2004, have value and require study or review, I am concerned that this court's compliance review will bog down in a mass of needless information. In this same vein, I would request that the masters utilize their best efforts to expedite this court's review. As much as possible, they should use their discretion in determining what testimony or other evidence is actually relevant to the issues set out in the court's per curiam. The masters have the authority to conduct a pretrial hearing to (1) establish the procedures to follow, (2) set a proposed time schedule, and (3) identify and limit the persons and evidence needed to decide the factual issues bearing on the General Assembly's compliance or noncompliance with this court's constitutional mandate.