LAKEVIEW SCHOOL DISTRICT NO. 25 of Phillips County, Arkansas, et al. (now Barton-Lexa) *v.* Mike HUCKABEE, Governor of the State of Arkansas, et al., Appellees/Appellants, Rogers School District No. 30, Little Rock School District, and Pulaski County Special School District, Intervenors/Appellees

01-836                                                   231 S.W.3d 919

Supreme Court of Arkansas
Opinion delivered November 30, 2006

*Matthews, Campbell, Rhoads, McClure, Thompson & Fryauf, P.A.,* by: *David R. Matthews,* for intervenor/appellee Rogers School District No. 30.

*Sharp, Beavers, Cline & Wright,* by: *Brad J. Beavers,* for appellants/appellees Barton-Lexa and Forrest City School District, *amicus.*

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.,* by: *M. Samuel Jones, III,* for intervenor/appellee Pulaski County Special School District.

*Friday, Eldredge & Clark, LLP,* by: *Christopher Heller,* for intervenor/appellee Little Rock School District.

*Mike Beebe,* Att'y Gen., by: *Timothy G. Gauger,* Deputy Att'y Gen., for appellees/appellants.

PER CURIAM. Intervenors/appellees Rogers School District No. 30, Barton-Lexa School District, Little Rock School District, and Pulaski County Special School District (School Districts) move the court to defer the issuance of the mandate in this case and appoint special masters to evaluate whether the General Assembly and the Department of Education (State Defendants) have cured the constitutional deficiencies referenced in this court's opinion of December 15, 2005. *See Lake View Sch. Dist. No. 25 v. Huckabee,* 364 Ark. 398, 220 S.W.3d 645 (2005). In that opinion, we stayed the issuance of the mandate until December 1, 2006, in order to give the General Assembly and the Department of Education time to cure those deficiencies.

In their motion, the School Districts now contend that "no final legislative action" has been taken regarding certain aspects of academic facilities funding, that inadequate funding for English Language Learners will not be rectified until the 2007-2008 school year, that student-growth funding does not equate to foundation funding for each child, that collection-rate issues regarding local taxes remain unresolved, and that the issue of whether national school lunch aid can be used for teacher raises has not been determined.

Counsel for the State Defendants responds that the School Districts' motion is untimely in part and premature in part and that they are asking this court to act as a super legislature and assume perpetual jurisdiction over policy decisions of the General Assembly. In addition, counsel for the State Defendants urges that it is the School Districts' burden to show constitutional noncompliance rather than the State Defendants' burden to show that constitutional deficiencies have been cured.

We begin by quoting our *Lake View* opinion handed down on December 15, 2005:

> Because we hold that the public school-funding system continues to be inadequate, we further hold that our public schools are operating under a constitutional infirmity which must be corrected immediately. We have held in the past that the General Assembly and Department of Education should have time to cure the deficiencies, and we do so again. We stay the issuance of our mandate until December 1, 2006, to allow the necessary time to correct the constitutional deficiencies.

*Lake View Sch. Dist. No. 25 v. Huckabee*, 364 Ark. at 415-16, 220 S.W.3d at 657.

It is clear to this court that the onus was placed on the State Defendants to cure the enumerated constitutional deficiencies. It further appears that a special session of the General Assembly was held in 2006 where action was taken and that, in addition, certain reports have been prepared regarding adequacy and facilities funding. Yet, nothing has been provided to this court concerning the action taken or how that action addressed this court's constitutional concerns. Indeed, counsel for State Defendants has made no effort to inform this court in that regard.

Without information concerning what has been done since December 15, 2005, to address the problem areas enumerated in

this court's opinion, this court is loath to have the mandate issue in this matter. We, therefore, grant the School Districts' motion to defer issuance of the mandate.

We further direct counsel for the State Defendants to furnish this court with all acts of the General Assembly, promulgated regulations, relevant reports, and any other information relating to constitutional compliance within thirty days of this opinion.

We reappoint Bradley D. Jesson, former Chief Justice of the Arkansas Supreme Court, and David Newbern, a former Justice of the Arkansas Supreme Court, as Special Masters in this case. The Masters shall have the same powers and authority as set forth in *Lake View School District No. 25*, 356 Ark. 1, 144 S.W.3d 741 (2004) (per curiam). The Masters are authorized to examine and evaluate the issues listed in this court's opinion of December 15, 2005, but also any other issue they deem relevant to constitutional compliance.

We wish to emphasize that this court is not prejudging whether constitutional compliance has occurred or not. We simply have not been provided with the necessary information to make an informed determination. We also emphasize that it is not this court's intention to monitor the 2007 session of the General Assembly. Had this court been provided with information regarding compliance much earlier, we could have commenced our evaluation well before the 2007 session.

We defer the issuance of the mandate for 180 days from the date of this opinion. This, in our judgment, will provide sufficient time for counsel for the State Defendants to file the necessary information with this court, for the Masters to evaluate the same, and for this court to determine constitutional compliance.

SPECIAL JUSTICE DALBY joins.

HANNAH, C.J., and GUNTER, J., dissent.

IMBER, J., not participating.

JIM HANNAH, Chief Justice, dissenting. I must respectfully dissent. At issue is this court's ongoing review and monitoring of the General Assembly's actions undertaken to provide a constitutional system of free public schools. The court has ordered that "all acts of the General Assembly, promulgated regulations,

relevant reports, and any other information relating to constitutional compliance" be provided to this court within thirty days. Obviously, the court is about to examine what the General Assembly did in the last legislative session. That is troubling.

It is the acts of the General Assembly that are subject to judicial review, not the reports, rules, day-to-day activities, hearings, and other actions taken by the General Assembly. This court's jurisdiction does not reach to supervising or overseeing the actions of the other branches of government. *See Wells v. Riviere*, 269 Ark. 156, 599 S.W.2d 375 (1980). That is precisely what this court has done and continues to do in this case. Judicial authority does not extend beyond interpretation. *City of Hot Springs v. Creviston*, 288 Ark. 286, 705 S.W.2d 415 (1986).

This case is now four years old. Over the last four years, many opinions have been issued, and the basis for jurisdiction is hard to trace. However, it appears that the basis of the court's action is simply that this court has decided that it will not let go until it is satisfied that an adequate school system has been provided by the General Assembly. As laudable as the goal may be, that is not a basis for jurisdiction. It is also hardly an efficient method to achieve the goal.

As to actual jurisdiction, there is no decision by a lower court for us to consider at present, so there is no appellate jurisdiction. *Gwin v. Daniels*, 357 Ark. 623, 184 S.W.3d 28 (2004). There has been no attempt to invoke original jurisdiction. Thus, there is neither appellate nor original jurisdiction, and this court again[1] acts without authority.

I am also troubled by the majority's assertions about the State Defendants' failure to provide this court with various documents:

> It is clear to this court that the onus was placed on the State Defendants to cure the enumerated constitutional deficiencies. It further appears that a special session of the General Assembly was held in 2006 where action was taken and that, in addition, certain reports have been prepared regarding adequacy and facilities funding. Yet, nothing has been provided to this court concerning the action taken or how that action addressed this court's constitutional

---

[1] *See Lake View Sch. Dist. No. 25 v. Huckabee*, 364 Ark. 398, 220 S.W.3d 648 (2005) (Hannah, C.J., dissenting).

concerns. Indeed, counsel for the State Defendants has made no effort to inform this court in that regard.

The State Defendants bore no burden to provide documents and reports to this court, and in fact, the expectation expressed in the majority opinion will likely come as quite a surprise to the State Defendants.

The majority also states: "We wish to emphasize that this court is not prejudging whether constitutional compliance has occurred or not. We simply have not been provided with the necessary information to make an informed determination." An act of the General Assembly is in practicality prejudged because it is presumed constitutional. *Davis v. Parham*, 362 Ark. 352, 195 S.W.3d 911 (2005). Until an act of the General Assembly is properly challenged in a trial court, it is constitutional. This is not a new idea. *See State v. Ashley*, 1 Ark. 513 (1836). It appears that the majority is abandoning this doctrine and replacing it with a duty to prove that an act of the General Assembly is constitutional.

Further, it appears that not only are acts of the General Assembly now subject to direct review in this court, but so are reports, rules, and other undetermined activities of the General Assembly. The General Assembly is a coordinate branch of government, and this court is without authority to invade the constitutional authority of the General Assembly. *City of Piggott v. Eblen*, 236 Ark. 390, 366 S.W.2d 192 (1963). The day-to-day activities, reports, hearings, rules, and documents generated by the General Assembly in fulfilling its constitutional duties are not subject to review by this court. The mandate should issue, and this case should be brought to a close.

GUNTER, J., joins.

JIM GUNTER, Justice, dissenting. The majority opinion claims that it is not the court's intention to monitor the upcoming session of the General Assembly, yet that is exactly what it will be doing by granting the intervenors/appellees' motion. This court has previously pronounced that it is "not this court's constitutional role to monitor the General Assembly on an ongoing basis over an extended period of time until the educational programs have all been completely implemented." *Lake View Sch. Dist. No. 25 v. Huckabee*, 358 Ark. 137, 161, 189 S.W.3d 1, 17 (2004). However, each and every time that this court appoints the masters and reviews the legislature's

actions, it acts as a "brooding" super-legislature, the very action which this court sought to avoid when it released jurisdiction and issued the mandate in 2004 when compliance with our mandates was well underway. *Id.* at 160, 189 S.W.3d at 16.

In complete contradiction of this court's very clear pronouncements to the contrary, the majority is again retaining jurisdiction of this case and continuing to monitor the legislature's actions. I simply cannot support or condone such a blatant violation of this court's constitutional role. For this reason, I respectfully dissent.

HANNAH, C.J., joins.